So our last case is United States v. Rosales. Mr. Mandel. Good morning. May it please the court. The district court never addressed the principal argument in mitigation that has recognized legal merit under Connor. She completely failed, I believe, in her Cunningham duty. The court made a rigid technical finding relying on strict interpretation of the discretionary guidelines and found Mr. Rosales to be a career criminal offender. When a defendant is making a policy-based challenge to a guideline, why is the judge obligated to give a more substantive explanation for rejecting the challenge, particularly when she's not the policymaker? She has to consider the challenge. I mean, certainly I agree to that. And the record has to make clear, it has to make that clear. But why is she required to say anything more than Judge Graf did here? Because this was not a categorical challenge to the guidelines, Your Honor. This was a case, in fact, specific to Mr. Rosales. He was challenging the application of this particular guideline to him based on the fact that he had some very old minor drug convictions that, if you look at 2D1.1, were level 6 to level 12 offenses, not the kind of offenses that were contemplated with the three strikes and you're out or drug traffickers. These were a young man in his late teens, early 20s, selling personal use quantities of controlled substances in order to get by. But did the career offender enhancement make much of a practical difference? I mean, ultimately, given that he would have been in the same criminal history category even without the enhancement. He would have been in a lower category by several points, Your Honor. And at sentencing, I requested low end of that at seven and a half years. The fact is that his source, who was a major trafficker, got 48 months from the court, and my client got 120 months, and it really was unfair. And part of it was this criminal record, and the court never addressed at all that it was based on old and minor convictions, where the source presumably is dealing in large quantities to several people all the time. So I think there's a distinction there, and this was not a categorical challenge. See, I really do think, Mr. Mandel, that she essentially did the precise thing we've suggested sentencing judges do when she inquired at the close of the hearing, of the sentencing hearing,  or to the conditions that the defense counsel hadn't already mentioned. And, you know, counsel flags his objection to the application of the career offender guideline, and she expressly notes that she applied it because his criminal conduct justified the application. And then, you know, counsel says, even though basically his record is for minor offenses, and she responds, right. Your Honor, first of all, I respectfully disagree. She never addressed the argument at all, which was her duty. It was raised by memo. It was raised in my arguments. She didn't address it at all, and at the end of the sentencing, she did do what this court suggested, but it was, are there any other arguments you haven't raised? Now, I raised those arguments, and she didn't address them, and worried about any type of Donatelli waiver or anything else. I simply said, what about the career offender? And I basically got a tautological response, because all the conduct she talked about during the sentencing was the offense conduct. It was already baked into the cake, and all she said was, because. The sky is blue because the sky is blue. He's a career offender because he has these prior predicate convictions, and she didn't assess for somebody a career offender. Pardon? That is what makes somebody a career offender. He is. Your argument is that he shouldn't be sentenced that way, but he is a career offender. Technically, he is, but this court has already found that that's a discretionary. So what's the problem if the court says he is a career offender? Well, it's a tautological response. You concede that he is. She didn't discuss, though, the main argument in mitigation, that the offenses that make him a technical career offender were of such minor nature and so far in the past that they shouldn't be applied. That's what the thrust of the objection is, not that he wasn't technically a career offender, and she refused to discuss it at all. She never raised it. When you said at the end, even though the prior convictions were for relatively minor offenses and the judge said right, and you said okay, that wasn't very... What was I going to say, Your Honor, when I barred him? What you were going to say was that you had an opportunity to remind her just how minor these prior offenses were and to ask her to reconsider, right? Well, I did that twice. You still had a chance. I did it in the brief. I did it at the sentencing, and she absolutely did not address it at all. At the end, just to avoid waiver, I simply said what about it, and her answer does not elaborate. It doesn't discuss. It doesn't meet any of the Cunningham obligations to either exercise or show some exercise of discretion. All she said was yes, because yes. And that's what we object to, and that's what I think is unfair in light of all the other arguments I've raised. Thank you. Okay. Thank you, Mr. Jarosz. May it please the Court. As the Supreme Court said in Rita, the explanation can be brief if through the context and the record we otherwise know what the Court is talking about. And in this case, exactly what this Court has already just stated, by stating Segura and the line of cases, in order to avoid the constant arguments that come up that the Court hasn't addressed, the defense arguments, the Court at the end said, is there something more? Is there something that I've missed? Is there something you need clarification on or explanation? And Mr. Mandel said, yes, there is. I want to know what's going on here. And what she said was that the record of the defendant, provided that he was a career criminal. Now, I'm obviously paraphrasing all this exact language, because the record is indicating that's what it was. She's indicating that he had a situation where he was dealing drugs in enormous amounts. She estimated that the amounts dealt were a very conservative estimate, 2.87 kilos. He lacked unemployment for several years, which she felt indicated that he must have been dealing drugs to support himself during this time period. That he was traveling with his associates to Chicago and back to pick up multi-ounces of drugs. And that basically the prior felonies were something that qualified him as a career offender. These were trafficking offenses. Although the amounts were small in the offenses themselves, they were trafficking offenses, not merely possession offenses. And in terms of their age, I mean, one was in 2008, and the other was in 2011. These weren't ancient history by any means, considering that his activities were taking place allegedly between 2011 and 2013. The court in this case gave this court enough evidence to be assured that the court considered the defendant's arguments and that they addressed them. There's really no error here of a procedural nature, and the government would request that this court affirm the defendant's sentence. Unless there's any other questions, I have nothing to add. Thank you, Mr. Judge. Mr. Mandel? Yes, thank you. The government is incorrect in their analysis because Judge Crabb never discussed the prior convictions at all. I know, but that's where you drop the ball. Because when you asked her why the court applied the career offender guideline, she said, I applied the career offender guidelines because Mr. Rosali's criminal conduct justified the application. Right. In other words, he was a career offender under the guideline. That was your cue to say, well, I know he's eligible for career offender status, but there are these mitigating circumstances, prior convictions were insignificant, and so on. But you didn't take that opportunity. Your Honor, I went into that in great depth, but notwithstanding that, her response was because of his criminal conduct. And that refers back to the transcript. You don't know what that refers back to. What it means is, to earn career offender status, you have to engage in criminal conduct. And he had engaged in enough criminal conduct to be a career offender. You wanted to say, yes, you know he's eligible for career offender status, but you wanted to explain that he should get lenient treatment because the convictions that made him eligible for career offender status were not that serious. And you had a chance. That was your last chance. And I raised it again, Your Honor, and she just gave a tautological response. No, you didn't raise it again. Did you say even though the prior convictions were for relatively minor offenses? Well, they weren't so minor that they took him out of the career offender category. Your Honor, when she referred to his prior conduct, she's talking about the offense of conduct. How do you know she's talking about that? Because that's all she discussed in the transcript was what happened from 2012, relating to the offense of conviction, the fact that he had no visible means of support. All the arguments raised by Mr. Jarosz had only to deal... was the crime of which he was convicted in this case. She never commented really at all on that. There had to be prior criminal convictions, right? And there were. And there were. And she didn't address those or why she thought Cunningham analysis should apply? You had a chance at the end to explain. They were too trivial, those convictions, to warrant career offender status. Your Honor, if I had said nothing at the end, are you suggesting that's a Donatelli waiver when I raised it both? When she asked at the end, are there any arguments you haven't raised? And I raised all of those several times and she didn't address them. If I had said nothing, would I have a better appeal? Is it my fault because I said to her one last gasp, but what about the career offender? Your last gasp. You didn't take a deep enough breath before exhaling. Then it's on me, Your Honor. But you were... I would ask that the court vacate and remand and ask that a different judge hear this if the court were inclined. You were appointed, were you not? I was, Your Honor. Well, we thank you for your efforts. Thank you. Thank you for putting up with me. And the court will stand in recess.